B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 22,000,000.00 | | |
| B - Personal Property | Yes | 3 | 2,240,144.01 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 15,064,541.94 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 2,601.92 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 697,456.77 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 18 | | | |
| | | Total Assets | 24,240,144.01 | | |
| | | | Total Liabilities | 15,764,600.63 | |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6A (Official Form 6A) (12/07)

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Full service deluxe hotel with 160 all suites in addition to a restaurant/lounge, cigar bar, meeting & banquet rooms, indoor pool and whirlpool, outdoor whirlpool recreational exercise facilities, steam & sauna rooms, guest lounge and gift store shop. The hotel is situated on approximately 5.70 acres, located directly next door to the Killeen Civic & Convention Center.** | **Fee simple** | **-** | **22,000,000.00** | **15,064,541.94** |

Sub-Total > **22,000,000.00** (Total of this page)

Total > **22,000,000.00**

(Report also on Summary of Schedules)

**0** continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6B (Official Form 6B) (12/07)

In re **Shilo Inn, Killeen, LLC** Case No. **2:10-bk-62057-VK**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand** | - | **1,500.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Operating bank account at Wells Fargo** | - | **224.89** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Security deposit with Atmos Energy** | - | **955.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > **2,679.89**
(Total of this page)

**2** continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www bestcase com Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total > **0.00**
(Total of this page)

Sheet **1** of **2** continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Franchise agreement with Shilo Franchise International, LLC** | - | **Unknown** |
| | | **Management agreement with Shilo Management Corporation** | - | **Unknown** |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Office equipment, furnishings and supplies (book value)** | - | **713,704.00** |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **FF&E related to business operations (book value)** | - | **1,484,473.00** |
| 30. Inventory. | | **Linens and guest supplies (book value)** | - | **39,287.12** |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total > **2,237,464.12**
(Total of this page)

Total > **2,240,144.01**

Sheet **2** of **2** continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Cathay Bank c/o Al Clark, Esq.<br>Lorde Bissell et al.<br>300 S. Grand, Suite 2600<br>Los Angeles, CA 90071** | X | - | **First lien on real property assets<br>Full service deluxe hotel with 160 all suites in addition to a restaurant/lounge, cigar bar, meeting & banquet rooms, indoor pool and whirlpool, outdoor whirlpool recreational exercise facilities, steam & sauna rooms, guest lounge and gi**<br>Value $ **22,000,000.00** | | X | X | **14,902,868.00** | **0.00** |
| Account No.<br>**David L. Swanson, Esq.<br>Locke Lord Bissell & Liddell, LLP<br>2200 Ross Ave, Suite 2200<br>Dallas, TX 75201** | | | **Representing:<br>Cathay Bank c/o Al Clark, Esq.**<br>Value $ | | | | **Notice Only** | |
| Account No.<br>**Tax Appraisal District of Bell Cty<br>PO Box 390<br>Belton, TX 76513-0390** | | - | **2010<br>Real property taxes<br>Full service deluxe hotel with 160 all suites in addition to a restaurant/lounge, cigar bar, meeting & banquet rooms, indoor pool and whirlpool, outdoor whirlpool recreational exercise facilities, steam &**<br>Value $ **22,000,000.00** | | | | **161,673.94** | **0.00** |
| Account No. | | | Value $ | | | | | |
| **0** continuation sheets attached | | | Subtotal (Total of this page) | | | | **15,064,541.94** | **0.00** |
| | | | Total (Report on Summary of Schedules) | | | | **15,064,541.94** | **0.00** |

B6E (Official Form 6E) (4/10)

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately hy type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, hy John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may he jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may he liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the hox labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this hox if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) helow if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsihle relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

■ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance 11 U.S.C. § 507(a)(10).

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**2** continuation sheets attached

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6E (Official Form 6E) (4/10) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

**Wages, salaries, and commissions**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br>**BOB STEINER**<br>**Bob Steiner**<br>**11600 SW SHILO LANE**<br>**PORTLAND, OR 97225** | | - | **EXPENSES** | | | | 233.04 | 233.04 | 0.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet 1 of 2 continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

| | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|
| Subtotal (Total of this page) | 233.04 | 233.04 | 0.00 |

B6E (Official Form 6E) (4/10) - Cont.

In re **Shilo Inn, Killeen, LLC** , Debtor Case No. **2:10-bk-62057-VK**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Internal Revenue Service**<br>**Insolvency I Stop 5022**<br>**300 N. Los Angeles St., #4062**<br>**Los Angeles, CA 90012-9903** | | - | **For Notice Purposes Only** | | | | **0.00** | **0.00**<br>**0.00** |
| Account No.<br>**TEXAS STATE COMPTROLLER**<br>**A/R**<br>**PO Box 149359**<br>**AUSTIN, TX 78714-9359** | | - | **Franchise Tax** | | | | **2,368.88** | **2,368.88**<br>**0.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet **2** of **2** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

| | Amount of Claim | Amount Not Entitled / Entitled to Priority |
|---|---|---|
| Subtotal (Total of this page) | **2,368.88** | **2,368.88**<br>**0.00** |
| Total (Report on Summary of Schedules) | **2,601.92** | **2,601.92**<br>**0.00** |

B6F (Official Form 6F) (12/07)

In re **Shilo Inn, Killeen, LLC** , Debtor Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account numher of any account the debtor has with the creditor is useful to the trustee and the creditor and may he provided if the dehtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent " If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**A-BETTER PLUMBING COMPANY<br>A/R<br>PO BOX 476<br>NOLANVILLE, TX 76559** | | - | **SVC CALL** | | | | **395.00** |
| Account No.<br>**ADELMAN TVL SYSTEMS INC<br>A/R<br>3303 N SHERIDAN RD - HANGER 19<br>TULSA, OK 74115** | | - | **TA COMMISSION** | | | | **1,576.95** |
| Account No.<br>**ATMOS ENERGY<br>A/R<br>P O BOX 790311<br>ST LOUIS, MO 63179-0311** | | - | **GAS BILL** | | | | **2,281.18** |
| Account No.<br>**BALL JANIK, LLP<br>A/R<br>101 SW MAIN #1100<br>PORTLAND, OR 97204** | | - | **BANKRUPTCY ISSUES** | | | | **990.00** |
| | | | | | | Subtotal (Total of this page) | **5,243.13** |

**7** continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC** , Debtor Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**BALTIC LINEN COMPANY INC**<br>**A/R**<br>**1999 MARCUS AVENUE**<br>**LAKE SUCCESS, NY 11040-5485** | | - | **REG SUP** | | | | **1,724.27** |
| Account No.<br>**BOYD COFFEE COMPANY**<br>**Becky Erhler**<br>**19730 NE SANDY BLVD**<br>**PORTLAND, CA 92730** | | - | **REG SUP** | | | | **1,485.60** |
| Account No.<br>**BRIDGEWATER INTERNATIONAL**<br>**A/R**<br>**1948 WEST 2425 S SUITE#4**<br>**WOODSCROSS, UT 84087** | | - | **REG SUP** | | | | **122.35** |
| Account No.<br>**CARLSON WAGONLIT TRAVEL**<br>**C/O US ARMY**<br>**BUILDING 504 A**<br>**EL PASO, TX 79906-1190** | | - | **TA COMMISSION** | | | | **1,711.50** |
| Account No.<br>**CARLSON WAGONLIT TRAVEL**<br>**A/R**<br>**52008 ARIZONA ST**<br>**FORT HUACHUCA, AZ 85613** | | - | **TA COMMISSION** | | | | **1,270.54** |

Sheet no. **1** of **7** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **6,314.26**

B6F (Official Form 6F) (12/07) - Cont.

In re Shilo Inn, Killeen, LLC , Debtor

Case No. 2:10-bk-62057-VK

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>CARLSON WAGONLIT TRAVEL<br>A/R (Ground Floor)<br>BL11WGD 11 HAP ARNOLD BLV<br>TOBYHANNA, PA 18466 | | - | TA COMMISSION | | | | 1,206.00 |
| Account No.<br>CITY OF KILLEEN/UTILITY COLLECTIONS<br>A/R<br>PO BOX 549<br>KILLEEN, TX 76540-0549 | | - | GARBAGE | | | | 4,758.44 |
| Account No.<br>COX'S WELDING<br>A/R<br>717 E ADAMS<br>TEMPLE, TX 76501 | | - | SVC CALL | | | | 308.51 |
| Account No.<br>ESP EMPLOYESS SERVICES<br>A/R<br>4 INDUSTRIAL WAY W<br>EATONTOWN, NJ 07724 | | - | TA COMMISSION | | | | 8,374.74 |
| Account No.<br>FHS TRAVEL<br>CORP TRAVEL<br>11971 FOUNDATION PL<br>RANCHO CORDOVA, CA 95670 | | - | TA COMMISSION | | | | 2,625.00 |

Sheet no. 2 of 7 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) 17,272.69

B6F (Official Form 6F) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**GRAINGER INC**<br>**Butch Hosterler**<br>**P.O. BOX 419267**<br>**KANSAS CITY, MO 64141-6267** | | - | **REG SUP** | | | | **3,510.97** |
| Account No.<br>**HOHMANN, TAUBE & SUMMERS LLP**<br>**A/R**<br>**100 CONGRESS AVE 18TH FLOOR**<br>**AUSTIN, TX 78701** | | - | **PRE-PETITION** | | | | **10,039.45** |
| Account No.<br>**Killeen Economic Development Corp.**<br>**PO BOX 548**<br>**Harker Heights, TX 76548** | | - | **2/22/06**<br>**original promissory note in the amount of $400,000** | | | | **200,000.00** |
| Account No.<br>**KIRBY RESTAURANT SUPPLY**<br>**A/R**<br>**809 S EASTMAN RD**<br>**LONGVIEW, TX 75602** | | - | **REG SUP** | | | | **2,507.41** |
| Account No.<br>**LIBERTY MUTUAL**<br>**MARK SWANTEK**<br>**PO BOX 4555**<br>**PORTLAND, OR 97208-4555** | | - | **MTH SVC** | | | | **3,418.00** |

Sheet no. 3 of 7 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **219,475.83**

B6F (Official Form 6F) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>LODGE NET<br>A/R<br>P O BOX 952141<br>SAINT LOUIS, MO 63195-2141 | | - | MOVIES | | | | 834.67 |
| Account No.<br>NEXION INC<br>A/R<br>1 E KIRWOOD BLVD<br>SOUTHLAKE, TX 76092 | | - | TA COMMISSION | | | | 6,531.00 |
| Account No.<br>OAK FARMS DAIRY<br>Edith Kubala<br>PO BOX 202193<br>DALLAS, TX 75320 | | - | REG SUP | | | | 234.14 |
| Account No.<br>OFFICE DEPOT INC.<br>A/R<br>PO BOX 88040<br>CHICAGO, IL 60680 | | - | REG SUP | | | | 1,241.76 |
| Account No.<br>PARADIGM TAX GROUP<br>A/R<br>3030 N CENTRAL AVE #1001<br>PHOENIX, AZ 85012 | | - | 2010 TAX REDUCTION | | | | 6,607.73 |

Sheet no. 4 of 7 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page): **15,449.50**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor    Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**PORTLAND LIGHTING INC<br>10120 SW NIMBUS C-6<br>Attn: A/R<br>Portland, OR 97223** | | - | **Reg Supp** | | | | **1,414.16** |
| Account No.<br>**RESORT SUPPLY INC<br>A/R<br>1625 SE ANKENY ST<br>PORTLAND, OR 97214** | | - | **REG SUP** | | | | **1,409.46** |
| Account No.<br>**SHILO FRANCHISE INTERNATIONAL LLC<br>Kevin Toll<br>11600 SW SHILO LANE<br>PORTLAND, OR 97225** | | - | **Trade Payables** | | | | **161,578.64** |
| Account No.<br>**SHILO MANAGEMENT CORP<br>Kevin Toll<br>11600 SW SHILO LANE<br>PORTLAND, OR 97225** | | - | **Trade Payables** | | | | **215,680.15** |
| Account No.<br>**SHILO RESTAURANT KILLEEN LLC<br>Kevin Toll<br>11600 SW SHILO LANE<br>PORTLAND, OR 97225** | | - | **Trade Payables** | | | | **19,920.34** |

Sheet no. 5 of 7 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **400,002.75**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC** , Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**SURFACE SCAPES**<br>**A/R**<br>**5513 TAYLORS VALLEY RD**<br>**TEMPLE, TX 76502** | | - | **MTH SVC** | | | | **1,136.62** |
| Account No<br>**SYSCO FOOD SERVICES OF AUSTIN**<br>**101 CHISHOLM TRAIL**<br>**Attn: A/R**<br>**Round Rock, TX 78681** | | - | **Reg Supp** | | | | **3,059.22** |
| Account No.<br>**TASKAR KIBBEE & ASSOCIATES PC**<br>**4900 SW GRIFFITH DR,SUITE 269**<br>**Attn: Roberta Taskar**<br>**BEAVERTON, OR 97005-2977** | | - | **accounting services** | | | | **1,500.00** |
| Account No.<br>**THE IRWIN-HODSON COMPANY**<br>**2838 SE 9TH AVENUE**<br>**Portland, OR 97202-2509** | | - | **RES SUP** | | | | **3,218.28** |
| Account No.<br>**TRELLIS EARTH PRODUCTS**<br>**A/R**<br>**13315 NE AIRPORT WAY #800**<br>**PORTLAND, OR 97230** | | - | **REG SUP** | | | | **1,007.43** |

Sheet no. 6 of 7 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **9,921.55**

B6F (Official Form 6F) (12/07) - Cont.

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**TXU ENERGY**<br>**A/R**<br>**P O BOX 650638**<br>**DALLAS, TX 75265-0638** | | - | **ELECTRIC** | | | | **17,563.79** |
| Account No.<br>**UNITED STATES TREASURY**<br>**A/R**<br>**55 N ROBINSON STOP 5113-1627**<br>**OKLAHOMA CITY, OK 73132** | | - | **TA COMMISSION**<br>**For Certified Travel, 6444 NW Expressway St., Suite 808, Oklahoma City, OK 73132-5141, a travel agent that was levied by the U.S. Treasury such that payment is now made directly to the US Treasury.** | | | | **1,707.40** |
| Account No.<br>**WASHINGTON AUTOMATED INC**<br>**A/R**<br>**5801 23RD DRIVE W S**<br>**EVERETT, WA 98203** | | - | **REG SUP** | | | | **1,368.36** |
| Account No.<br>**WORLD CHOICE TRAVEL**<br>**A/R**<br>**11300 U.S. HIGHWAY ONE SUITE #300**<br>**NORTH PALM BEACH, FL 33408** | | - | **TA COMMISSION** | | | | **924.71** |
| Account No.<br>**WORLD CINEMA INC**<br>**A/R**<br>**9801 WESTHEIMER #409**<br>**HOUSTON, TX 77042-3653** | | - | **Trade Payables** | | | | **2,214.80** |

Sheet no. **7** of **7** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | **23,777.06** |
| Total (Report on Summary of Schedules) | **697,456.77** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6G (Official Form 6G) (12/07)

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Shilo Franchise International. LLC<br>11600 SW Shilo Lane<br>Portland, OR 97225-5995** | **Franchise agreement. 1% Royalty Fee, 1.5% Marketing Fee, 1.5% Reservation Fee (% based on Gross Room Revenues)** |
| **Shilo Management Corporation<br>11600 SW Shilo Lane<br>Portland, OR 97225-5995** | **Management agreement dated 3/15/06. 4% of adjusted gross revenues** |
| **Shilo Restaurant, Killeen, LLC<br>3701 S WS Young Drive<br>Killeen, TX 76542** | **restaurant lease dated 11/1/06. Current rent is the greater of (a) $8,000 per month or (b) 9% of gross sales** |

**0** continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6H (Official Form 6H) (12/07)

In re **Shilo Inn, Killeen, LLC**, Debtor

Case No. **2:10-bk-62057-VK**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| **Mark S. Hemstreet**<br>**11600 SW Shilo Lane**<br>**Portland, OR 97225** | **Cathay Bank c/o Al Clark, Esq.**<br>**Lorde Bissell et al.**<br>**300 S. Grand, Suite 2600**<br>**Los Angeles, CA 90071** |

**0** continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www bestcase com

B6 Declaration (Official Form 6 - Declaration). (12/07)

**United States Bankruptcy Court**
**Central District of California**

In re **Shilo Inn, Killeen, LLC** Debtor(s)

Case No. **2:10-bk-62057-VK**
Chapter **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Authorized Agent of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **20** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **12/20/2010**

Signature */s/ Christopher Campbell*
**Christopher Campbell**
**Authorized Agent**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re **Shilo Inn, Killeen, LLC** Debtor(s) Case No. **2:10-bk-62057-VK** Chapter **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$3,321,757.00** | **2010 YTD: Business Income** |
| **$3,400,982.00** | **2009: Business Income** |
| **$3,671,106.00** | **2008: Business Income** |

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com Best Case Bankruptcy

**2. Income other than from employment or operation of business**

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

**3. Payments to creditors**

None ☒

***Complete a. or b., as appropriate, and c.***

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Please see attachment 3b.** | | **$0.00** | **$0.00** |

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Please see attachment 3c.** | | **$0.00** | **$0.00** |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Cathay Bank vs. Shilo Inn, Killeen, LLC et al, Case No. 2466060** | Suit on Prom. Note & Appoint Receiver | **146th Judicial District Court Bell County, TX,** | **Pending** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com

 None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☒ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Levene, Neale, Bender, Yoo & Brill**<br>**10250 Constellation Blvd.**<br>**Suite 1700**<br>**Los Angeles, CA 90067** | **11/22/2010**<br>**12/06/2010** | **$5,000.00**<br>**$41,039.00** |

**10. Other transfers**

None 

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None 

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com

**14. Property held for another person**

None  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com

**18 . Nature, location and name of business**

None 

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Roberta Taskar**<br>**Taskar Kibbee & Associates**<br>**4900 SW Griffith Dr. Suite 269**<br>**Beaverton, OR 97005** | **1980 to present** |
| **Christoperh Campbell**<br>**Shilo Mangement Corp.**<br>**11600 SW Shilo Lane**<br>**Portland, OR 97225** | **2007 to present** |

None ☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Roberta Taskar** | **Taskar Kibbee & Associates**<br>**4900 SW Griffith Dr. Suite 269**<br>**Beaverton, OR 97005** | **1980 to present** |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com

| NAME | ADDRESS |
|---|---|
| **Roberta Taskar** | **Taskar Kibbee & Associates**<br>**4900 SW Griffith Dr. Suite 269**<br>**Beaverton, OR 97005** |
| **Christopher Campbell** | **Shilo Mangement Corp.**<br>**11600 SW Shilo Lane**<br>**Portland, OR 97225** |

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Cathay Bank**<br>**777 North Broadway**<br>**Los Angeles, CA 90012** | **Annually since 2007** |
| **Paradigm Tax Group**<br>**16300 Christensen Rd. Suite 310**<br>**Seattle, WA 98188** | **Annually since 2007** |

**20. Inventories**

None ☐ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **10/1/10** | **Troy Summerill** | **$52,650.90 (book value)** |
| **11/1/10** | **Troy Summerill** | **$39,287.12 (book value)** |

None ☐ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **10/1/10** | **Christopher Campbell**<br>**11600 SW Shilo Lane**<br>**Portland, OR 97225-5995** |
| **11/1/10** | **Christopher Campbell**<br>**11600 SW Shilo Lane**<br>**Portland, OR 97225-5995** |

**21 . Current Partners, Officers, Directors and Shareholders**

None ☒ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Mark S. Hemstreet**<br>**11600 SW Shilo Lane**<br>**Portland, OR 97225** | **Owner** | **100% of Membership Interest** |

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www bestcase com

**22 . Former partners, officers, directors and shareholders**

None ☒ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Please see attachment 23.** | | |

**24. Tax Consolidation Group.**

None ☒ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ☒ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **12/20/2010** Signature */s/ Christopher Campbell*
**Christopher Campbell**
**Authorized Agent**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2010 Best Case Solutions, Inc - Evanston, IL - www.bestcase.com Best Case Bankruptcy

## Vendor Payments Made Between September 7, 2010 and December 6, 2010

| Creditor Name | Address 1 | Address 2 | CityStZip | | | Claim | Date | Phone Number | Amount |
|---|---|---|---|---|---|---|---|---|---|
| ATMOS ENERGY | A/R | PO BOX 790311 | ST LOUIS | MO | 63179-0311 | GAS BILL | 9/20/2010 | 888-286-6700 | $ 2,458.38 |
| | | | | | | | 10/25/2010 | | $ 1,837.82 |
| | | | | | | | 11/16/2010 | | $ 2,883.66 |
| CITY OF KILLEEN/UTILITY COLLECTIOI | A/R | PO BOX 549 | KILLEEN | TX | 76540-0549 | GARBAGE | 9/21/2010 | 254-501-7800 | $ 7,575.16 |
| | | | | | | | 10/22/2010 | | $ 1,640.99 |
| | | | | | | | 10/28/2010 | | $ 4,600.30 |
| | | | | | | | 11/23/2010 | | $ 5,334.80 |
| CITY OF KILLEEN | ACCOUNTING MANAGEF | PO BOX 1329 | KILLEEN | TX | 76540 | WATER | 9/30/2010 | 254-501-7600 | $ 17,167.67 |
| | | | | | | | 10/28/2010 | | $ 12,661.70 |
| | | | | | | | 11/30/2010 | | $ 12,283.90 |
| KIRBY RESTAURANT SUPPLY | A/R | 809 S EASTMAN RD | LONGVIEW | TX | 75602 | MTH SVC | 10/18/2010 | 903-757-2723 | $ 2,398.90 |
| | | | | | | | 11/23/2010 | | $ 2,507.41 |
| | | | | | | | 12/3/2010 | | $ 526.60 |
| THE LAMAR COMPANIES | A/R | PO BOX 96030 | BATON ROUGE | LA | 70896 | BILLBOARDS | 10/19/2010 | 866-885-2627 | $ 5,148.39 |
| | | | | | | | 11/18/2010 | | $ 2,792.29 |
| LIBERTY MUTUAL INSURANCE GROU | A/R | P.O. BOX 7247-0109 | PHILADELPHIA, | PA | 19170-01 | INSURANCE | 9/13/2010 | 503-239-5800 | $ 3,418.00 |
| | | | | | | | 10/14/2010 | | $ 3,418.00 |
| | | | | | | | 11/16/2010 | | $ 3,418.00 |
| QWEST | BUSINESS SERVICES | PO BOX 52187 | PHOENIX | AZ | 85072-2187 | PHONE LINE | 9/7/2010 | 800-569-0771 | $ 1,027.37 |
| | | | | | | | 9/28/2010 | | $ 1,080.20 |
| | | | | | | | 11/8/2010 | | $ 1,046.71 |
| | | | | | | | 11/30/2010 | | $ 1,573.31 |
| | | | | | | | 12/3/2010 | | $ 1,110.76 |
| SHILO MANAGEMENT CORP | MANAGERIAL ACCOUNT | 11600 SW SHILO LANE | PORTLAND | OR | 97225 | | 11/30/2010 | 503-641-6565 | $ 59,500.00 |
| SYSCO FOOD SERVICES OF AUSTIN LP | A/R | 101 CHISHOLM TRAIL | ROUND ROCK TEX | AS | 78681 | REG SUP | 9/9/2010 | 512-388-8035 | $ 1,906.18 |
| | | | | | | | 9/24/2010 | | $ 1,667.60 |
| | | | | | | | 9/30/2010 | | $ 556.62 |
| | | | | | | | 10/19/2010 | | $ 1,096.06 |
| | | | | | | | 10/28/2010 | | $ 1,006.90 |
| | | | | | | | 11/4/2010 | | $ 520.42 |
| | | | | | | | 11/11/2010 | | $ 1,664.50 |
| | | | | | | | 12/6/2010 | | $ 1,282.78 |
| TAX APPRAISAL DISTRICT OF BELL CT | A/R | PO BOX 390 | BELTON | TX | 76513-0390 | TAX | 9/13/2010 | 254-634-9092 | $ 33,700.00 |
| | | | | | | | 10/14/2010 | | $ 33,700.00 |
| | | | | | | | 11/15/2010 | | $ 22,494.90 |
| THYSSENKRUPP ELEVATOR CO INC | A/R | PO BOX 933004 | ATLANTA | GA | 31193-3004 | ELEVATOR | 9/16/2010 | 714-939-0888 | $ 2,047.87 |
| | | | | | | | 11/11/2010 | | $ 4,177.66 |
| TXU ENERGY | A/R | PO BOX 650638 | DALLAS | TX | 75265 | ELECTRIC | 9/20/2010 | 800-242-9113 | $ 15,151.02 |
| | | | | | | | 10/12/2010 | | $ 14,223.67 |

**Shilo Management Corporation**

| Date Paid | Invoice | Check Number | Total | Management Fees | Payroll Pass Through | American Express | Property Insurance | Federal Express | UPS |
|---|---|---|---|---|---|---|---|---|---|
| 12/11/2009 | MGMT FEE/091219 | 423988 | **16,917.00** | 16,917.00 | | | | | |
| 1/8/2010 | UPS1009/KI | 424722 | **292.26** | | | | | | 292.26 |
| 1/8/2010 | UPS1109/KI | 424722 | **101.44** | | | | | | 101.44 |
| 1/8/2010 | FIREMANS1209/KI | 424722 | **4,984.14** | | | | 4,984.14 | | |
| 1/8/2010 | SCRNNG/1009/KI | 424722 | **443.10** | | | 443.10 | | | |
| 1/8/2010 | PT121109/KI | 424722 | **2,347.98** | | 2,347.98 | | | | |
| 1/8/2010 | IRWIN/1009/KI | 424722 | **539.57** | | | 539.57 | | | |
| 4/14/2010 | RECON ADJ 09/KI | 427967 | **(16,588.82)** | (16,588.82) | | | | | |
| 4/14/2010 | MGMT FEE/100118 | 427967 | **15,535.00** | 15,535.00 | | | | | |
| 4/14/2010 | MGMT FEE/100207 | 427967 | **15,535.00** | 15,535.00 | | | | | |
| 4/14/2010 | MGMT FEE/100307 | 427967 | **3,888.82** | 3,888.82 | | | | | |
| 5/4/2010 | MGMT FEE/100307 | 428760 | **11,646.18** | 11,646.18 | | | | | |
| 5/4/2010 | MGMT FEE/100417 | 428760 | **15,153.82** | 15,153.82 | | | | | |
| 5/5/2010 | MGMT FEE/100417 | 428786 | **381.18** | 381.18 | | | | | |
| 11/30/2010 | MGMT FEE/100508 | 439151 | **15,535.00** | 15,535.00 | | | | | |
| 11/30/2010 | MGMT FEE/100621 | 439151 | **15,535.00** | 15,535.00 | | | | | |
| 11/30/2010 | MGMT FEE/100717 | 439151 | **15,535.00** | 15,535.00 | | | | | |
| 11/30/2010 | MGMT FEE/100809 | 439151 | **12,895.00** | 12,895.00 | - | - | - | - | - |
| | | | **130,676.67** | 121,968.18 | 2,347.98 | 982.67 | 4,984.14 | - | 393.70 |

**Shilo Franchise International**

| Date Paid | Invoice | Check Number | Total | Franchise Fees |
|---|---|---|---|---|
| 1/8/2010 | FRAN FEE/1109KI | 424721 | **12,816.33** | 12,816.33 |
| 4/20/2010 | FRAN FEE/1209KI | 428184 | **8,495.99** | 8,495.99 |
| 4/20/2010 | FRAN FEE/0110KI | 428184 | **9,846.22** | 9,846.22 |
| 4/20/2010 | FRAN FEE/0210KI | 428184 | **11,204.58** | 11,204.58 |
| 4/20/2010 | FRAN FEE/0310KI | 428184 | **10,453.21** | 10,453.21 |
| 4/27/2010 | FRAN FEE/0310KI | 428578 | **1,821.41** | 1,821.41 |
| | | | **54,637.74** | 54,637.74 |

EXHIBIT

**Shilo Inn, Killeen, LLC**
December 7, 2009 to December 6, 2010

| | Advances (Distributions) | Advances | (Distributions) |
|---|---|---|---|
| December 2009 | 81,044.25 | 303,144.25 | (222,100.00) |
| January 2010 | (178,883.44) | 79,745.32 | (258,628.76) |
| February 2010 | 26,300.70 | 309,072.70 | (282,772.00) |
| March 2010 | (230,995.68) | 121,704.32 | (352,700.00) |
| April 2010 | (179,192.07) | 141,535.85 | (320,727.92) |
| May 2010 | (55,879.45) | 251,306.82 | (307,186.27) |
| June 2010 | (112,545.31) | 150,585.49 | (263,130.80) |
| July 2010 | 235,815.84 | 352,952.55 | (117,136.71) |
| August 2010 | 43,803.93 | 81,984.78 | (38,180.85) |
| September 2010 | (129,309.94) | 40,793.78 | (170,103.72) |
| October 2010 | (99,023.40) | 30,737.20 | (129,760.60) |
| November 2010 | (16,498.44) | 3,551.56 | (20,050.00) |
| December 2010 | (24,273.69) | 1,076.31 | (25,350.00) |
| | (639,636.70) | 1,868,190.93 | (2,507,827.63) |

**December 2009**

| | | |
|---|---|---|
| 12/7/2009 | (12,500.00) | Transfer to P/R |
| 12/8/2009 | (13,200.00) | Transfer to P/R |
| 12/8/2009 | 33,264.46 | Fund P/R |
| 12/9/2009 | (3,700.00) | Transfer to A/P |
| 12/9/2009 | 18,500.00 | Fund A/P |
| 12/10/2009 | (5,000.00) | Transfer to P/R |
| 12/10/2009 | 64,577.14 | Fund A/P |
| 12/11/2009 | (10,500.00) | Transfer to A/P |
| 12/11/2009 | (3,200.00) | Transfer to P/R |
| 12/11/2009 | 6,974.97 | Fund A/P |
| 12/14/2009 | (13,500.00) | Transfer to A/P |
| 12/15/2009 | (23,500.00) | Transfer to A/P |
| 12/16/2009 | (7,500.00) | Transfer to A/P |
| 12/16/2009 | 70,000.00 | Fund A/P |
| 12/17/2009 | (8,000.00) | Transfer to P/R |
| 12/18/2009 | (5,500.00) | Transfer to A/P |
| 12/18/2009 | (6,500.00) | Transfer to A/P |
| 12/18/2009 | 43,026.12 | Fund A/P |
| 12/21/2009 | 10,500.00 | Fund A/P |
| 12/21/2009 | 8,148.38 | Fund A/P |
| 12/22/2009 | (42,500.00) | Transfer to P/R |
| 12/23/2009 | (4,500.00) | Transfer to P/R |

EXHIBIT

| | | |
|---|---|---|
| 12/24/2009 | (5,500.00) | Transfer to P/R |
| 12/24/2009 | (4,000.00) | Transfer to P/R |
| 12/24/2009 | 38,281.40 | Fund P/R |
| 12/28/2009 | (16,000.00) | Transfer to A/P |
| 12/29/2009 | (11,500.00) | Transfer to A/P |
| 12/29/2009 | 9,871.78 | Fund A/P |
| 12/30/2009 | (7,000.00) | Transfer to A/P |
| 12/31/2009 | (13,000.00) | Transfer to A/P |
| 12/31/2009 | (5,500.00) | Transfer to P/R |
| | **81,044.25** | |

**January 2010**

| | | |
|---|---|---|
| 1/4/2010 | (4,500.00) | Transfer to A/P |
| 1/5/2010 | (5,050.00) | Transfer to A/P |
| 1/5/2010 | (1,117.16) | Transfer to A/P |
| 1/6/2010 | (28,033.35) | Transfer to P/R |
| 1/6/2010 | (6,500.00) | Transfer to P/R |
| 1/7/2010 | (4,000.00) | Transfer to P/R |
| 1/8/2010 | (6,500.00) | Transfer to A/P |
| 1/8/2010 | (2,500.00) | Transfer to P/R |
| 1/8/2010 | 20,565.86 | Fund A/P |
| 1/11/2010 | (6,300.00) | Transfer to P/R |
| 1/12/2010 | (22,500.00) | Transfer to A/P |
| 1/12/2010 | 31,287.31 | Fund P/R |
| 1/13/2010 | (6,500.00) | Transfer to P/R |
| 1/14/2010 | (6,000.00) | Transfer to P/R |
| 1/14/2010 | 180.24 | Fund A/P |
| 1/15/2010 | (3,200.00) | Transfer to A/P |
| 1/15/2010 | (3,000.00) | Transfer to P/R |
| 1/15/2010 | 8,551.09 | Fund A/P |
| 1/15/2010 | (10,500.00) | Transfer to P/R |
| 1/19/2010 | (46,000.00) | Transfer to A/P |
| 1/20/2010 | (6,100.00) | Transfer to A/P |
| 1/21/2010 | (6,800.00) | Transfer to P/R |
| 1/22/2010 | (6,500.00) | Transfer to A/P |
| 1/22/2010 | (9,500.00) | Transfer to A/P |
| 1/25/2010 | (5,000.00) | Transfer to P/R |
| 1/26/2010 | (31,500.00) | Transfer to P/R |
| 1/26/2010 | 29,660.82 | Fund P/R |
| 1/27/2010 | (11,000.00) | Transfer to A/P |
| 1/28/2010 | (7,500.00) | Transfer to P/R |
| 1/29/2010 | (12,000.00) | Transfer to A/P |
| 1/29/2010 | (4,500.00) | Transfer to P/R |
| 1/31/2010 | (6,528.25) | Transfer to A/P |
| | **(178,883.44)** | |

**EXHIBIT**

**February 2010**

| Date | Amount | Description |
|---|---|---|
| 2/1/2010 | (17,000.00) | Transfer to A/P |
| 2/1/2010 | 18,050.81 | Fund A/P |
| 2/2/2010 | (30,000.00) | Transfer to A/P |
| 2/2/2010 | 43,983.41 | Fund A/P |
| 2/4/2010 | (7,500.00) | Transfer to P/R |
| 2/5/2010 | (3,000.00) | Transfer to A/P |
| 2/5/2010 | (8,500.00) | Transfer to P/R |
| 2/8/2010 | (9,000.00) | Transfer to P/R |
| 2/9/2010 | 33,850.66 | Fund P/R |
| 2/9/2010 | (32,000.00) | Transfer to P/R |
| 2/10/2010 | (9,200.00) | Transfer to A/P |
| 2/11/2010 | 4,408.60 | Fund A/P |
| 2/11/2010 | (5,500.00) | Transfer to P/R |
| 2/11/2010 | (9,000.00) | Transfer to A/P |
| 2/12/2010 | (4,500.00) | Transfer to P/R |
| 2/16/2010 | (50,700.00) | Transfer to A/P |
| 2/16/2010 | 8,655.84 | Transfer to A/P |
| 2/17/2010 | (11,300.00) | Transfer to A/P |
| 2/18/2010 | (4,000.00) | Transfer to P/R |
| 2/19/2010 | (5,800.00) | Transfer to P/R |
| 2/19/2010 | (10,000.00) | Transfer to A/P |
| 2/22/2010 | (7,000.00) | Transfer to P/R |
| 2/23/2010 | 34,559.07 | Fund P/R |
| 2/23/2010 | 5,950.78 | Fund A/P |
| 2/23/2010 | (23,000.00) | Transfer to P/R |
| 2/24/2010 | (8,500.00) | Transfer to A/P |
| 2/25/2010 | (5,600.00) | Transfer to P/R |
| 2/26/2010 | 163,941.45 | Fund A/P |
| 2/26/2010 | (10,000.00) | Transfer to A/P |
| 2/26/2010 | (16,000.00) | Transfer to A/P |
| | **26,300.62** | |

**March 2010**

| Date | Amount | Description |
|---|---|---|
| 3/1/2010 | (14,200.00) | Transfer to A/P |
| 3/1/2010 | 6,005.77 | Paid by SMC Mastercard |
| 3/1/2010 | 3,300.18 | Fund A/P |
| 3/1/2010 | 361.20 | Paid by SMC Mastercard |
| 3/1/2010 | 246.30 | Paid by SMC Mastercard |
| 3/1/2010 | 82.10 | Paid by SMC Mastercard |
| 3/2/2010 | (36,000.00) | Transfer to A/P |
| 3/3/2010 | (2,500.00) | Transfer to A/P |
| 3/4/2010 | (12,000.00) | Transfer to P/R |
| 3/4/2010 | 2,180.16 | Fund A/P |
| 3/5/2010 | (6,500.00) | Transfer to A/P |
| 3/5/2010 | (20,500.00) | Transfer to P/R |

EXHIBIT

| | | |
|---|---|---|
| 3/5/2010 | 1,501.66 | Fund A/P |
| 3/8/2010 | (13,800.00) | Transfer to P/R |
| 3/9/2010 | (41,800.00) | Transfer to P/R |
| 3/9/2010 | 29,185.70 | Fund P/R |
| 3/9/2010 | 5,994.94 | Fund A/P |
| 3/10/2010 | (6,300.00) | Transfer to A/P |
| 3/11/2010 | (6,300.00) | Transfer to P/R |
| 3/15/2010 | (7,000.00) | Transfer to A/P |
| 3/15/2010 | (17,500.00) | Transfer to P/R |
| 3/15/2010 | 15,617.24 | Fund A/P |
| 3/16/2010 | (28,100.00) | Transfer to A/P |
| 3/16/2010 | 15,865.88 | Fund P/R |
| 3/17/2010 | (7,700.00) | Transfer to A/P |
| 3/18/2010 | (4,000.00) | Transfer to A/P |
| 3/18/2010 | (12,300.00) | Transfer to A/P |
| 3/19/2010 | 5,500.00 | Transfer to A/P |
| 3/22/2010 | (5,500.00) | Transfer to A/P |
| 3/22/2010 | 3,007.46 | Fund A/P |
| 3/23/2010 | (30,700.00) | Transfer to P/R |
| 3/24/2010 | (3,400.00) | Transfer to A/P |
| 3/25/2010 | (7,100.00) | Transfer to A/P |
| 3/26/2010 | (5,400.00) | Transfer to A/P |
| 3/26/2010 | (15,500.00) | Transfer to P/R |
| 3/29/2010 | (9,200.00) | Transfer to P/R |
| 3/30/2010 | (33,900.00) | Transfer to P/R |
| 3/30/2010 | 32,855.73 | Fund P/R |
| 3/31/2010 | (5,500.00) | Transfer to A/P |
| | **(230,995.68)** | |

**April 2010**

| | | |
|---|---|---|
| 4/1/2010 | (8,655.84) | Transfer to A/P |
| 4/1/2010 | (9,300.00) | Transfer to A/P |
| 4/1/2010 | 12,327.12 | Fund A/P |
| 4/1/2010 | 10,500.00 | Fund A/P |
| 4/1/2010 | (5,994.94) | Fund A/P |
| 4/2/2010 | (5,000.00) | Transfer to A/P |
| 4/2/2010 | (12,500.00) | Transfer to P/R |
| 4/2/2010 | 7,175.54 | Fund A/P |
| 4/5/2010 | (2,200.00) | Transfer to A/P |
| 4/6/2010 | (23,700.00) | Transfer to A/P |
| 4/6/2010 | 4,787.89 | Fund A/P |
| 4/7/2010 | (7,500.00) | Transfer to A/P |
| 4/8/2010 | (5,000.00) | Transfer to P/R |
| 4/9/2010 | (6,700.00) | Transfer to P/R |
| 4/9/2010 | (11,500.00) | Transfer to A/P |
| 4/9/2010 | 6,376.06 | Fund A/P |

EXHIBIT

| | | |
|---|---|---|
| 4/12/2010 | (20,200.00) | Transfer to A/P |
| 4/13/2010 | (27,300.00) | Transfer to P/R |
| 4/14/2010 | (9,000.00) | Transfer to A/P |
| 4/15/2010 | (5,000.00) | Transfer to A/P |
| 4/15/2010 | (6,600.00) | Transfer to A/P |
| 4/15/2010 | 7,422.36 | Fund A/P |
| 4/16/2010 | (5,800.00) | Transfer to P/R |
| 4/19/2010 | (11,200.00) | Transfer to A/P |
| 4/20/2010 | (2,500.00) | Transfer to P/R |
| 4/20/2010 | (40,000.00) | Transfer to A/P |
| 4/20/2010 | 4,548.26 | Fund A/P |
| 4/21/2010 | 1,000.00 | Fund A/P |
| 4/22/2010 | (13,100.00) | Transfer to A/P |
| 4/22/2010 | 18,167.73 | Fund A/P |
| 4/23/2010 | (7,300.00) | Transfer to A/P |
| 4/23/2010 | (8,000.00) | Transfer to A/P |
| 4/26/2010 | (12,000.00) | Transfer to A/P |
| 4/27/2010 | (40,600.00) | Transfer to P/R |
| 4/28/2010 | (7,200.00) | Transfer to A/P |
| 4/29/2010 | (10,100.00) | Transfer to P/R |
| 4/30/2010 | (3,000.00) | Transfer to A/P |
| 4/30/2010 | (3,600.00) | Transfer to P/R |
| 4/30/2010 | 31,607.91 | Fund P/R |
| 4/30/2010 | 30,045.84 | Fund P/R |
| 4/30/2010 | 17,400.00 | Fund A/P |
| | **(179,192.07)** | |

**May 2010**

| | | |
|---|---|---|
| 5/1/2010 | 4,145.81 | Paid by SMC Mastercard |
| 5/1/2010 | 515.22 | Paid by SMC Mastercard |
| 5/3/2010 | (19,200.00) | Transfer to A/P |
| 5/3/2010 | 8,885.30 | Fund A/P |
| 5/4/2010 | (26,800.00) | Transfer to A/P |
| 5/5/2010 | (12,881.18) | Transfer to A/P |
| 5/6/2010 | (7,500.00) | Transfer to P/R |
| 5/7/2010 | (4,900.00) | Transfer to P/R |
| 5/10/2010 | (16,500.00) | Transfer to A/P |
| 5/10/2010 | (8,000.00) | Transfer to A/P |
| 5/10/2010 | 55,224.89 | Fund A/P |
| 5/11/2010 | (31,600.00) | Transfer to P/R |
| 5/11/2010 | 6,662.28 | Fund A/P |
| 5/12/2010 | (7,400.00) | Transfer to A/P |
| 5/13/2010 | (9,201.48) | Transfer to A/P |
| 5/14/2010 | (9,000.00) | Transfer to A/P |
| 5/14/2010 | 15,000.00 | Transfer to A/P |
| 5/14/2010 | 32,460.29 | Fund P/R |

EXHIBIT

| | | | |
|---|---|---|---|
| 5/17/2010 | (13,400.00) | Transfer to A/P | |
| 5/18/2010 | (20,700.00) | Transfer to P/R | |
| 5/18/2010 | 46,665.67 | Fund A/P | |
| 5/19/2010 | (8,791.59) | Transfer to A/P | 1 |
| 5/20/2010 | 5,700.00 | Transfer to A/P | |
| 5/21/2010 | (30,000.00) | Transfer to A/P | |
| 5/21/2010 | (16,612.02) | Transfer to P/R | |
| 5/21/2010 | 10,650.79 | Fund A/P | |
| 5/21/2010 | 311.58 | Fund P/R | |
| 5/24/2010 | (11,800.00) | Transfer to A/P | |
| 5/25/2010 | (19,300.00) | Transfer to A/P | |
| 5/25/2010 | 36,977.32 | Fund P/R | |
| 5/26/2010 | (8,900.00) | Transfer to A/P | |
| 5/26/2010 | 33,807.67 | Fund A/P | |
| 5/27/2010 | (4,700.00) | Transfer to P/R | |
| 5/28/2010 | (18,000.00) | Transfer to A/P | |
| 5/28/2010 | (7,700.00) | Transfer to P/R | |
| | **(55,879.45)** | | |

**June 2010**

| | | |
|---|---|---|
| 6/1/2010 | (14,200.00) | Transfer to P/R |
| 6/2/2010 | (9,800.00) | Transfer to A/P |
| 6/2/2010 | 30,782.88 | Fund A/P |
| 6/3/2010 | 2,900.00 | Transfer to A/P |
| 6/3/2010 | 329.05 | Paid by SMC Mastercard |
| 6/4/2010 | (9,000.00) | Transfer to A/P |
| 6/4/2010 | (6,500.00) | Transfer to P/R |
| 6/7/2010 | (7,299.51) | Transfer to A/P |
| 6/8/2010 | (32,800.00) | Transfer to P/R |
| 6/9/2010 | (14,600.00) | Transfer to A/P |
| 6/9/2010 | 5,712.17 | Fund A/P |
| 6/10/2010 | (7,000.00) | Transfer to A/P |
| 6/10/2010 | (6,600.00) | Transfer to P/R |
| 6/11/2010 | (13,200.00) | Transfer to P/R |
| 6/14/2010 | (11,800.00) | Transfer to P/R |
| 6/14/2010 | 33,768.17 | Fund P/R |
| 6/15/2010 | (17,600.00) | Transfer to P/R |
| 6/16/2010 | 27,669.35 | Fund A/P |
| 6/18/2010 | (9,000.00) | Transfer to A/P |
| 6/18/2010 | (4,200.00) | Transfer to P/R |
| 6/18/2010 | 2,349.41 | Fund A/P |
| 6/21/2010 | (8,700.00) | Transfer to A/P |
| 6/21/2010 | (11,100.00) | Transfer to A/P |
| 6/22/2010 | (19,500.00) | Transfer to P/R |
| 6/23/2010 | (16,100.00) | Transfer to P/R |
| 6/23/2010 | 9,624.90 | Fund A/P |

EXHIBIT

| | | |
|---|---|---|
| 6/24/2010 | (1,500.00) | Transfer to A/P |
| 6/24/2010 | (4,331.29) | Transfer to A/P |
| 6/25/2010 | (3,000.00) | Transfer to A/P |
| 6/29/2010 | (38,200.00) | Transfer to P/R |
| 6/29/2010 | 6,731.90 | Fund A/P |
| 6/29/2010 | 33,617.66 | Fund P/R |
| | **(112,545.31)** | |

**July 2010**

| | | |
|---|---|---|
| 7/1/2010 | 3,083.20 | Paid by SMC Mastercard |
| 7/1/2010 | 215.31 | Paid by SMC Mastercard |
| 7/1/2010 | 145.20 | Paid by SMC Mastercard |
| 7/2/2010 | (6,500.00) | Transfer to A/P |
| 7/6/2010 | (56,500.00) | Transfer to A/P |
| 7/7/2010 | 12,447.37 | Fund A/P |
| 7/9/2010 | (8,500.00) | Transfer to A/P |
| 7/9/2010 | 54,866.18 | Fund A/P |
| 7/11/2010 | 35,348.63 | Transfer to P/R |
| 7/12/2010 | 37,581.49 | Fund P/R |
| 7/13/2010 | (636.71) | Transfer to P/R |
| 7/16/2010 | (26,500.00) | Transfer to A/P |
| 7/16/2010 | 1,678.98 | Fund A/P |
| 7/23/2010 | 15,293.42 | Fund A/P |
| 7/30/2010 | (18,500.00) | Transfer to A/P |
| 7/30/2010 | 32,177.19 | Fund A/P |
| 7/30/2010 | 117.13 | Fund P/R |
| 7/31/2010 | 159,998.45 | Fund A/P |
| | **235,815.84** | |

**August 2010**

| | | |
|---|---|---|
| 8/6/2010 | 38,798.01 | Fund P/R |
| 8/9/2010 | (7,500.00) | Transfer to A/P |
| 8/10/2010 | 9,157.87 | Fund A/P |
| 8/10/2010 | 140.41 | Fund P/R |
| 8/13/2010 | (25,000.00) | Transfer to A/P |
| 8/13/2010 | 3,810.38 | Fund A/P |
| 8/18/2010 | 38,101.79 | Fund P/R |
| 8/19/2010 | 1,661.12 | Fund A/P |
| 8/20/2010 | (5,500.00) | Transfer to A/P |
| 8/25/2010 | 7,945.39 | Fund A/P |
| 8/30/2010 | (180.85) | Transfer to A/P |
| 8/31/2010 | (17,630.19) | Transfer to A/P |
| | **43,803.93** | |

**September 2010**

| | | |
|---|---|---|
| 9/3/2010 | (25,500.00) | Transfer to A/P |

**EXHIBIT**

| | | |
|---|---|---|
| 9/8/2010 | 100.00 | Fund A/P |
| 9/9/2010 | (97,103.72) | Transfer to A/P |
| 9/13/2010 | (17,000.00) | Transfer to A/P |
| 9/14/2010 | 3,140.02 | Fund P/R |
| 9/20/2010 | (19,500.00) | Transfer to A/P |
| 9/24/2010 | (4,000.00) | Transfer to A/P |
| 9/29/2010 | 9,663.76 | Fund A/P |
| 9/30/2010 | (7,000.00) | Transfer to A/P |
| 9/30/2010 | 27,890.00 | Fund A/P |
| | **(129,309.94)** | |
| **October 2010** | | |
| 10/1/2010 | 3,446.92 | Paid by SMC Mastercard |
| 10/1/2010 | 284.94 | Paid by SMC Mastercard |
| 10/8/2010 | (4,000.00) | Transfer to A/P |
| 10/8/2010 | (5,200.00) | Transfer to P/R |
| 10/12/2010 | (1,500.00) | Transfer to P/R |
| 10/15/2010 | (29,500.00) | Transfer to A/P |
| 10/19/2010 | (50,000.00) | Transfer to A/P |
| 10/21/2010 | (27,100.00) | Transfer to A/P |
| 10/22/2010 | (4,500.00) | Transfer to A/P |
| 10/27/2010 | (3,960.60) | Transfer to A/P |
| 10/27/2010 | 18,905.34 | Fund P/R |
| 10/29/2010 | (4,000.00) | Transfer to A/P |
| 10/31/2010 | 8,100.00 | Fund A/P |
| | (99,023.40) | |
| **November 2010** | | |
| 11/3/2010 | (11,500.00) | Transfer to A/P |
| 11/4/2010 | (8,000.00) | Transfer to A/P |
| 11/12/2010 | (3,000.00) | Transfer to A/P |
| 11/12/2010 | 3,551.56 | Fund P/R |
| 11/18/2010 | (3,500.00) | Transfer to A/P |
| 11/22/2010 | 33,950.00 | Fund A/P |
| 11/26/2010 | (28,000.00) | Transfer to A/P |
| | **(16,498.44)** | |
| **December 2010** | | |
| 12/1/2010 | 1,076.31 | Fund P/R |
| 12/2/2010 | (7,600.00) | Transfer to A/P |
| 12/3/2010 | (6,350.00) | Transfer to A/P |
| 12/6/2010 | (11,400.00) | Transfer to A/P |
| | **(24,273.69)** | |

| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **David B. Golubchik**<br>**10250 Constellation Blvd.**<br>**Suite 1700**<br>**Los Angeles, CA 90067**<br><br>California State Bar Number: **185520**<br><br>*Attorney for Debtor* | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>**Shilo Inn, Killeen, LLC**<br><br>Debtor(s),<br>Plaintiff(s),<br>Defendant(s). | CASE NO.: **2:10-bk-62057-VK**<br>ADV. NO.:<br>CHAPTER: **11** |

## Corporate Ownership Statement Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, **David B. Golubchik 185520** , the undersigned in the above-captioned case, hereby declare
*(Print Name of Attorney or Declarant)*

under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1. I have personal knowledge of the matters set forth in this Statement because:

☐ I am the president or other officer or an authorized agent of the debtor corporation

☐ I am a party to an adversary proceeding

☐ I am a party to a contested matter

■ I am the attorney for the debtor corporation

2.a. ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

*[For additional names, attach an addendum to this form.]*

b. ■ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

**/s/ David B. Golubchik**
Signature of Attorney or Declarant

**December 20, 2010**
Date

**David B. Golubchik 185520**
Printed Name of Attorney or Declarant

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2009

**F 1007-4**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Central District of California

In re **Shilo Inn, Killeen, LLC** Debtor(s)

Case No. **2:10-bk-62057-VK**
Chapter **11**

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **N/A** .

2. The following financial data is the latest available information and refers to the debtor's condition on **N/A** .

a. Total assets $ **0.00**

b. Total debts (including debts listed in 2.c., below) $ **0.00**

c. Debt securities held by more than 500 holders:

| | | | | | | Amount | Approximate number of holders: |
|---|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ 0.00 | 0 |

d. Number of shares of preferred stock **0** **0**

e. Number of shares common stock **0** **0**

Comments, if any:

3. Brief description of Debtor's business:

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com Best Case Bankruptcy

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88) 1998 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re<br>**Shilo Inn, Killeen, LLC**<br>Debtor. | Case No.: **2:10-bk-62057-VK**<br>**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |
|---|---|

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ **45,000.00** |
| Prior to the filing of this statement I have received | $ **45,000.00** |
| Balance Due | $ **0.00** |

2. $ **1,039.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☒ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☒ Debtor ☐ Other (specify):

5. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]

      **Advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor; advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors; representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel; conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBYB's expertise or which is beyond LNBYB's staffing capabilities; preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business; representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral; assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and performing any other services which may be appropriate in LNBRB's representation of the Debtor during its bankruptcy case.**

Main Document Page 42 of 42
Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor - (1/88) 1998 USBC, Central District of California

7. By agreement with the debtor(s), the above-disclosed fee does not include the following services
**Matters which are outside of LNBYB's specialization**

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

12/20/10
*Date*

*/s/ David B. Golubchik*
**David B. Golubchik 185520**
*Signature of Attorney*
**Levene, Neale, Bender, Yoo & Brill LLP**
*Name of Law Firm*
**10250 Constellation Blvd.**
**Suite 1700**
**Los Angeles, CA 90067**