

**FILED & ENTERED**

**MAR 30 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY speters    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 2:10-bk-62057-VZ |
| Shilo Inn, Killeen, LLC, | Chapter: 11 |
| Debtor(s). | FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER (1) DENYING APPROVAL OF DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FOR SHILO INN, KILLEEN, LLC,; (2) TO SHOW CAUSE WHY CHAPTER 11 CASE SHOULD NOT BE CONVERTED OR DISMISSED |
| | Date: May 26, 2011<br>Time: 1:30 p.m.<br>Location: 255 E. Temple St.<br>           Los Angeles, CA 90012<br>           Courtroom 1368 |

On February 7, 2011, Shilo Inn, Killeen, LLC ("Proponent") filed a Disclosure Statement and Plan of Reorganization for Shilo Inn, Killeen, LLC (the "Disclosure Statement"). A hearing to determine the adequacy of the Disclosure Statement was conducted on or set to be heard on March 24, 2011 at 1:30 p.m. (the "Hearing"). The Disclosure Statement does not contain "adequate information" as required by 11 U.S.C. §1125 for the following reasons:

[x]  Proponent filed a Disclosure Statement, but did not request an order approving it by filing a motion as required by 11 U.S.C. §1125 and Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure.

- 1 -

[x]  The Following Exhibits Were Not Attached:

    [x] Exhibit <u>B</u>. It appears that the Exhibit was attached in Exhibit C.

[x]  <u>Problems with Chapter 7 Liquidation Analysis:</u>

    [x]  Inadequate or no information regarding why assets are valued less under Chapter 7 than under the Plan.  Debtor bases the Chapter 11 value on an appraisal report attached to the disclosure statement and discounts that value with minimal explanation to the asserted Chapter 7 value.  There is no information regarding [x]  the qualifications of person rendering valuation opinion, [x] date of valuation.

[x]  <u>General Problems</u>

    [x]  All findings of fact and conclusions of law made on the record during the scheduled hearing on this disclosure statement that require modifications to this disclosure statement, and that have not been specifically addressed above need to be made.

    [x]  Other.  The narrative regarding major events in the case needs to be updated.

    [x]  Other.  The amount of Cathay's claim needs to be corrected and the proposed treatment of Cathay's claim should be better explained.
and treatment of Cathay's claim

    [x]  Other.  Debtor should provide additional information regarding debtor's operations and cash flow projections, including that the info should be provided using the same methodology or similar line items so that creditors can better compare the information.  Debtor should explain the category of "other income" in the projections and should explain and provide information regarding the operation, revenue and expense of the hotel restaurant.

    [x]  Other.  The Court expressly rejects the objections raised by Cathay Bank pertaining to (1) confirmation issues; (2) Debtor's historic operating information being provided on a November year end

- 2

1  basis as opposed to calendar year end basis; (3) disclosure regarding impact of Mark Hemstreet's

2  personal guaranty; and, (4) the disclosure statement and plan being set forth in a combined document.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  DATED: March 30, 2011

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER (1) DENYING APPROVAL OF DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FOR SHILO INN, KILLEEN, LLC,; (2) TO SHOW CAUSE WHY CHAPTER 11 CASE SHOULD NOT BE CONVERTED OR DISMISSED</u> was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ***March 28, 2011***, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ***March 28, 2011***, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

    United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov; Dare Law    dare.law@usdoj.gov

    Attorney for Debtor: John-patrick M Fritz    jpf@lnbrb.com; David B Golubchik    dbg@lnbrb.com

    Creditor Cathay Bank: Brandon J Witkow    bwitkow@lockelord.com

    Others: Michael Reed    othercourts@mvbalaw.com

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below: